**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 25-10085 |
| § | | |
| PATRICIA LEE ST. ANGELO, § | | CHAPTER 7 |
| § | | |
| DEBTOR. § | | SECTION A |
| § | | |
| SBN V FNBC, LLC, § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | | ADVERSARY NO. 25-1037 |
| § | | |
| GREGORY J. ST. ANGELO, GRACE E. § ST. ANGELO, BENJAMIN J. ST. ANGELO, ALLISON ST. ANGELO, BRADLEY ST. ANGELO, HAYLIE FOLEY ST. ANGELO, RUBICON HOLDINGS, LLC, AND GEORGE D. BASS, § | | |
| § | | |
| DEFENDANTS. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to remand a state-court action filed on behalf of SBN V FNBC, LLC ("SBN"), the Plaintiff in the above-captioned adversary proceeding (the "Motion To Remand"). [ECF Doc. 6]. Gregory J. St. Angelo, Benjamin J. St. Angelo, and Haylie Foley St. Angelo oppose the motion, [ECF Docs. 9 & 10], and SBN filed a reply brief in support of its motion, [ECF Doc. 12]. For the following reasons, the Court **DENIES** the Motion To Remand for lack of standing.

**PROCEDURAL POSTURE**

On April 28, 2017, the Federal Deposit Insurance Corporation ("FDIC") placed a local bank, First NBC Bank ("FNBC"), into receivership and, pertinent here, sold loans held by FNBC to SBN. On March 19, 2018, SBN filed a Petition in a Louisiana state court against the above-

captioned defendants, asserting Louisiana state law revocatory claims (the "State Court Action"). Through the State Court Action, pursuant to article 2036 of the Louisiana Civil Code, SBN seeks to unwind certain transfers allegedly made to family members. [ECF Doc. 15, ¶¶ 9–52].[1] According to SBN's Petition, Gregory J. St. Angelo acted as general counsel to FNBC and, through that position, made loans to himself and certain affiliated entities in amounts totaling more than $46 million and personally guaranteed repayment of those loans. [ECF Doc. 15, ¶¶ 4–5, 7–8]. SBN alleges that the collateral securing repayment of those loans "is worth a mere fraction of what is owed on the Loans." [ECF Doc. 15, ¶ 4]. SBN further alleges in the State Court Action that "upon information and belief . . . Mr. St. Angelo systematically transferred his assets so as to cause or increase his insolvency." [ECF Doc. 15, ¶ 5].

On January 14, 2025, Patricia Lee St. Angelo (the "Debtor"), the wife of Gregory St. Angelo, filed a voluntary petition for chapter 7 bankruptcy relief in this Court. [No. 25-10085, ECF Doc. 1]. On May 14, 2025, SBN initiated an adversary proceeding in this Court against the Debtor and Gregory St. Angelo, seeking to declare any debts the Debtor owes to SBN to be non-dischargeable under 11 U.S.C. § 523 (the "Non-Dischargeability Action"). [Adv. No. 25-1024, ECF Doc. 1]. In the Non-Dischargeability Action, SBN alleges:

> [Gregory St. Angelo] is Debtor's spouse. Upon information and belief, they married in June or 1989.

> The Debtor and [Gregory St. Angelo] own community property interests in various businesses, including without limitation: St. Angelo Investment Company, LLC; Premier Information Systems, Inc.; 616 Girod, LLC; LMG Properties, LLC; Lismore Properties, LLC; Conti Development, LLC; and Annadele, Inc. (the "St. Angelo Entities"). Upon information and belief, Debtor served as president and director of Annadele, Inc. at all times pertinent hereto, and [Gregory St. Angelo] served as manager and/or secretary.

---

[1] On August 1, 2018, the State Court granted SBN's motion to dismiss Rubicon Holdings, LLC and George D. Bass voluntarily. [ECF Doc. 1 (page 1255 of 1454)].

> [Gregory St. Angelo] was the general counsel of FNBC [Bank] from September 2006 through September 2016. While he was general counsel, [he] and the St. Angelo Entities obtained more than $46 million in loans ("GSA Loans") from FNBC [Bank].
>
> . . . .
>
> On March 22, 2019, the United States charged [Gregory St. Angelo] with conspiracy to commit bank fraud in connection with the GSA Loans and other matters. After entering a guilty plea, the United States District Court for the Eastern District of Louisiana sentenced GSA to 48 months in prison and ordered him to pay restitution in the amount of $56,174,549.12, with $44,127,088.47 being due to the FDIC and $12,047,460.65 being due to SBN. . . .
>
> [Gregory St. Angelo] is currently incarcerated in the Bureau of Federal Prisons in Beaumont, Texas.
>
> The GSA Loans are obligations of the community of acquests and gains which exists between the Debtor and GSA. Therefore, the Debtor is also liable under SBN for the full amount of the indebtedness under the GSA Loans.

[Adv. No. 25-1024, ¶¶ 12, 14–15, 19–21].

On May 15, 2025, SBN properly served the Debtor with the Non-Dischargeability Action via regular U.S. Mail to her at her residence in Mandeville, Louisiana, with a copy of the Complaint and summons also mailed to her bankruptcy counsel; on the same day, SBN served Gregory St. Angelo with the Non-Dischargeability Action by mailing the Complaint and summons via regular U.S. Mail to him at the FCI Beaumont Low Federal Correctional Institution. [Adv. No. 25-1024, ECF Docs. 4 & 5]. On July 1, 2025, Gregory St. Angelo removed the State Court Action to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. [E.D. La. No. 25-01354, ECF Doc. 1]. On July 18, 2025, the District Court referred the State Court Action to this Court.

**DISCUSSION**

The Court finds that the State Court Action is property of the estate.

Generally, an action belongs to the estate under 11 U.S.C. § 541(a)(1) only if the debtor could have brought the action at the commencement of her bankruptcy case. *See Schertz-Cibolo-Universal City, Indep. Sch. Dist. v. Wright (In re Educators Grp. Health Tr.)*, 25 F.3d 1281, 1284 (5th Cir. 1994). "But § 541(a)(1) is not the only provision under which property may become property of the estate." *The Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 260 (5th Cir. 2010). "Although that section often provides the bulk of estate assets and thus is the focus of 'property of the estate' analysis, the trustee's avoidance powers allow the trustee to enlarge the property of the estate after commencement of the case." *Id*.

"Cases addressing whether state law fraudulent transfer claims constitute Section 541 property of the estate seem to blur the distinction between: 1) the fraudulently transferred *asset*, and 2) the *cause of action* for recovery of a fraudulently transferred asset." *In re C.D. Jones & Co.*, 482 B.R. 449, 457 (Bankr. N.D. Fla. 2012). Section 544(b) of the Bankruptcy Code "allows [a trustee] to succeed to the actual, allowable and unsecured claims of the estate's creditors." *In re Moore*, 608 F.3d at 260 (citing 11 U.S.C. § 544(b)).[2] "If an actual, unsecured creditor can, on the date of the bankruptcy, reach property that the debtor has transferred to a third party, the trustee may use § 544(b) to step into the shoes of that creditor and 'avoid' the debtor's transfer." *Id*.

---

[2] The text of § 544(b) reads in relevant part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1).

4

"Although the cause of action belonged to one creditor, any property the trustee recovers becomes estate property and is divided *pro rata* among all general creditors." *Id*. "Once a bankruptcy is underway, only the trustee, and not individual unsecured creditors, may assert these avoidance actions." *Brennan v. Brennan*, No. 13-4865, 2014 WL 3489781, at *1 (E.D. La. July 11, 2014) (citing *In re Moore*, 608 F.3d at 620). "The policy concern evident in Section 544(b) is the need to channel avoidance actions through the trustee, who acts as a gatekeeper and prevents independent avoidance actions by creditors that might prejudice the estate and rival creditors." *Id*. (quoting *Official Comm. of Unsecured Creditors of Cybergenics v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)).

SBN's State Court Action seeks to recoup community property transfers by asserting revocatory claims against the St. Angelos' adult children and in-laws under Louisiana Civil Code article 2036, which allows an obligee such as SBN to state a claim directly against a third party who is indebted to the obligor due to any act or failure to act on behalf of the obligor that cause or increased the obligor's involvency. "The Fifth Circuit has determined that these are exactly the type of state law 'avoidance' claims that fall within the trustee's Section 544(b) powers." *Id.* at *2 (citing *Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 245 (5th Cir. 2007)). Because SBN held an unsecured claim against the Debtor on January 14, 2025 (*e.g.*, the date when the Debtor filed her petition for bankruptcy relief), the appointed chapter 7 trustee here may substitute for SBN as the proper party plaintiff and pursue the State Court Action pursuant to § 544(b). *See id*. (citing *U.S. Bank Nat'l Ass'n v. Verizon Commc'n, Inc.*, 479 B.R. 405, 410 (N.D. Tex. 2012); *Cardiello v. Arbogast (In re Arbogast)*, 466 B.R. 287, 300–01 (Bankr. W.D. Pa. 2012) (allowing a trustee to substitute for the creditor as the proper party plaintiff and pursue a creditor's timely filed prepetition fraudulent transfer action).

Because "a creditor, as of the commencement of a Chapter 7 bankruptcy case, is dispossessed of standing to further pursue a fraudulent conveyance avoidance action," *In re Arbogast*, 466 B.R. at 301 (citing cases),

**IT IS ORDERED** that the Motion To Remand, [ECF Doc. 6], is **DENIED** for lack of standing.

New Orleans, Louisiana, August 4, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE